IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SCOTT EDWARD MOORMAN, | Cause No. CV 22-70-GF-BMM-JTJ |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| LACY LINCOLN, HILL COUNTY ATTORNEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On August 2, 2022, Judy Kegley Moorman filed a petition challenging a fugitive complaint and warrant of arrest out of Texas, which is apparently the basis for Scott Edward Moorman's current detention in Hill County, Montana.  See, (Doc. 1.)  The Court advised Mr. Moorman that Ms. Moorman could not petition the Court on his behalf and that if he wished to proceed he would need to file and sign an Amended Petition.  (Doc. 2.)   On August 10, 2022, Mr. Moorman complied by paying the filing fee and submitting an Amended Petition.  (Doc. 3.) For the reasons explained herein, this matter should be dismissed based upon Mr. Moorman's failure to exhaust.

## I.     Background

Mr. Moorman, although represented by the Office of the State Public

Defender in the underlying Hill County matter, see e.g. (Doc. 3-1 at 3-9), is

proceeding pro se before this Court.  Mr. Moorman generally alleges he is being

held unlawfully on a fugitive complaint and has been denied due process and

meaningful representation by his public defender.  (Doc. 3 at 4-5); see also, (Doc.

3-1 at 2.)  He also asserts he did not abscond from probation in Texas and that the

Hill County Attorney, Lacy Lincoln, is attempting to create a false impression that

he has pending criminal charges in Texas and/or is a fugitive from justice.  (Doc.

3-1 at 2.)  He states his public defender refuses to attempt to obtain his interstate

compact paperwork from Texas.  *Id*.[1]

Mr. Moorman seeks relief under 28 U.S.C. § 2241.  28 U.S.C. §2241

"provides generally for the granting of writs of habeas corpus by federal courts,

implementing 'the general grant of habeas authority provided by the

Constitution.'"  *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc)

(quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004).  Section 2241

provides the authority for granting habeas relief to a person "who is not in custody

pursuant to a state court judgment" but, rather, who is in custody for some other

reason, such a pretrial detention or awaiting extradition.  *White*, 370 F. 3d at 1006.

---

[1] Mr. Moorman is on parole for life in Texas stemming from a 1985 conviction for capital murder.  Texas apparently alleges that Mr. Moorman failed to complete the interstate compact process before moving to Montana and then failed to report to Montana Probation and Parole upon his arrival in this state.  See, Bryan Memo to Judy Moorman (Doc. 3-1 at 4).

## II.    Exhaustion

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by *Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id.*  The Ninth Circuit, however, "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under §2241." *Id.*

The Montana Legislature has specifically outlined the judicial procedure an accused individual is to utilize when challenging an arrest and detention pursuant an extrajudicial warrant:

> If the prisoner or the prisoner's counsel states that the prisoner or the prisoner and counsel desire to test the legality of the prisoner's arrest, the judge of the court of record shall fix a reasonable time to be allowed the prisoner within which to apply for a writ of habeas corpus.  When the writ is applies for, notice of the writ and of the time and place of the hearing on the writ must be given to the prosecuting officer of the county in which the arrest was made and in which the accused is in custody and to the agent of the demanding state.

Mont. Code. Ann. §46-30-217(2) (2021).  Additionally, Mr. Moorman may file a petition for a writ of habeas corpus as an original proceeding with the Montana Supreme Court.  See e.g., MCA §46-22-202(1); see also, *Thomas v. Doe*, 2011 MT 283, ¶6, 362 Mont. 454, 266 P. 3d 1255.  Mr. Moorman has been advised of the availability of these state procedures by his public defender, as well as the

corresponding difficulty of prevailing on a state habeas petition in the context of extradition.  See e.g., Bryan letter to Moorman (Doc. 3-1 at 6-7); see also, Bryan Memo to Judy Moorman (Doc. 3-1 at 4.)

The exhaustion requirement under Section 2241 may be waived or excused in certain circumstances, including: where the remedy provides no genuine opportunity for adequate relief, or pursuit of the remedy would be futile; irreparable injury might occur without immediate judicial relief; the remedial proceedings would be void; or some instances of a complaining party's raising a substantial constitutional question.  *Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994).

Review of the state court docket[2] reflects that Mr. Moorman has not attempted to follow the procedure outlined in MCA §46-30-217 to challenge his arrest and detention.  Likewise, the Montana Supreme Court docket reveals Mr. Moorman has not initiated an original habeas action.[3]   Although the bar may be high, Mr. Moorman has not established that the state judicial procedures available to him are futile or that irreparable injury will occur without this Court's intervention.  The process has been explained in detail to Mr. Moorman.

---

[2] This Court may take judicial notice of proceedings, including order and filings, in other federal and state courts when related to the case at hand.  See, *Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011).  A copy of the state court docket will be attached as an exhibit to this order.
[3] See, Montana Supreme Court Docket, available at:  https://supremecourtdocket.mt.gov/ (accessed August 11, 2022).

Additionally, should Texas extradite him, Mr. Moorman will receive the process he is due in that jurisdiction.

Additionally, it appears from the documents Mr. Moorman submitted to this Court that the fugitive from justice warrant may not be the only basis for his current custody.  He was apparently also charged with Assault with a Weapon in Hill County.  See, (Doc. 3-1 at 5.)  Although the charge was dismissed without prejudice at his public defender's urging, it is possible the State may be prepared to refile the charge in the event Mr. Moorman is released.  *Id*.  Additionally, because Mr. Moorman apparently failed to register as a violent offender upon his arrival in Montana, the Attorney General's Office was recently contemplating filing additional charges against him based upon the failure to register.  *Id*.  It is unclear if any such charges have been filed.

Mr. Moorman has not provided a legal or factual basis for his failure to challenge the Texas warrant in the state courts.  Accordingly, Mr. Moorman's failure to exhaust his judicial remedies under §2241, precludes this Court's review and warrants dismissal of the Amended Petition.  Dismissal should be without prejudice, allowing Mr. Moorman to return to this Court if and when he exhausts his state judicial remedies.

### III.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

5

enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254

Proceedings.  A COA should issue as to those claims on which a petitioner makes

a "substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further."  *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).

The claims Mr. Moorman attempts to advance do not make a substantial

showing that he was deprived of a constitutional right.  Further, because Mr.

Moorman has not exhausted available judicial remedies, reasonable jurists would

find no reason to encourage further proceedings at this time.

Based on the foregoing, the Court enters the following:

## ORDER

The Clerk of Court is directed to attach a copy of the docket sheet in *State v.*

*Moorman*, Cause No. DC-21-2022-28-OT, to this Order.

## RECOMMENDATION

1.  Mr. Moorman's Amended Petition (Doc. 3) should be DISMISSED without

prejudice based upon his failure to exhaust.

2.  The Clerk of Court should be directed to enter a judgment of dismissal.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Moorman may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Moorman must immediately notify the Court of any change in his mailing address.  Failure to do so may result in dismissal of his case without notice to him.

DATED this 12th day of August, 2022.


*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[4]  Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Moorman is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.